IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 7, 2006 Session

## STATE OF TENNESSEE v. LARRY DAVIS

**Direct Appeal from the Criminal Court for Shelby County
No. 02-08243     John P. Colton, Jr., Judge**

—————————

**No. W2005-01341-CCA-R3-CD  - Filed March 1, 2006**

—————————

The appellant, Larry Davis, was convicted by a jury in the Shelby County Criminal Court of driving under the influence (DUI), a Class A misdemeanor.  He received a sentence of eleven months and twenty-nine days in the Shelby County Workhouse.  On appeal, the appellant raises several issues relating to the sufficiency of the evidence.  Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Randall B. Tolley (on appeal) and Johnny Pritchard (at trial), Memphis, Tennessee, for the appellant, Larry Davis.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jack Irvine and Greg Gilbert, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The appellant was charged and convicted of driving under the influence on a public highway in Tennessee.  He filed a motion for new trial, complaining that the "verdict was contrary to law," the "record in this cause is insufficient to establish guilt beyond a reasonable doubt as to the elements charged in the indictment," and "[t]here was no probable cause to establish a DUI arrest and this should have been established prior to or during trial and this charge should be dismissed."  The trial court overrruled the appellant's motion for new trial, and the appellant now appeals.

## II. Analysis

On appeal, the petitioner raises the following issues for our review:

[(1)] Whether the verdict is contrary to law and cannot be upheld.

[(2)] Whether the evidence in this cause is insufficient to sustain a conviction as to the indictment and the jury charge of driving on a public highway where there was no proof of such.

[(3)] Whether the trial court erred in refusing to give a curative instruction after the State argued to the jury that Larry Davis could be convicted of DUI for "driving" in a parking lot.

[(4)] Whether the State committed prosecutorial misconduct by arguing law that was not being charged to the jury in order to convict Larry Davis of driving in an apartment complex parking lot.

[(5)] Whether the trial court erred in not granting the Motion for New Trial/Judgment of Acquittal.

[(6)] Whether there was probable cause to establish a DUI arrest.

Initially, we note that issues three and four are waived because the appellant failed to include these issues in his motion for new trial. See Tenn. R. App. P. 3(e). Additionally, the appellant's sixth issue is waived for failure to raise the issue in a motion to suppress prior to trial. See Tenn. R. Crim. P. 12(b)(3) and (f). Furthermore, even more importantly, the appellant failed to include in the record for our review a transcript of the trial or a statement of evidence chronicling the proof adduced at trial. It is the appellant's burden to compile a sufficient record for our review. See Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).

The Rules of Appellate Procedure provide

If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal . . . . If the appellee has objections to the statement as filed,

-2-

the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Tenn. R. App. P. 24(c). All of the appellant's issues revolve around facts adduced at trial. Because the appellant has failed to include a transcript or a statement of the evidence, we are unable to determine what facts were proven during the course of the proceedings. In short, we conclude that we are unable to address any of the appellant's issues due to the inadequacy of the record. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The appellant is not entitled to relief.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE